IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | |
| v. | |
| 1.    JAYSON JEFFREY PENN, | Criminal Case No. 20-cr-00152-PAB |
| 2.    MIKELL REEVE FRIES, | |
| 3.    SCOTT JAMES BRADY, | |
| 4.    ROGER BORN AUSTIN, | |
| 5.    TIMOTHY R. MULRENIN, | |
| 6.    WILLIAM VINCENT KANTOLA, | |
| 7.    JIMMIE LEE LITTLE, | |
| 8.    WILLIAM WADE LOVETTE, | |
| 9.    GARY BRIAN ROBERTS, and | |
| 10.   RICKIE PATTERSON BLAKE, | |
|     Defendants. | |

**DEFENDANTS JAYSON JEFFREY PENN'S AND WILLIAM WADE LOVETTE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE OR FOR LEAVE TO RESPOND**

The government moves to strike portions of Mr. Penn's and Mr. Lovette's motion to exclude GX 9057 (Doc. 850), claiming the "issue of admissibility generally" has been decided and no topics other than relevance are at issue. Doc. 851 at 2. Not so. As the Court has explained several times, the fact that it preliminarily ruled GX 9057 non-hearsay under Rule 801(d)(2)(E) does not decide admissibility—among other things, relevance, prejudice, and authenticity all remain.[1] Accordingly, the Court took the admissibility of GX 9057 under advisement after

---

[1] The government claims the Court ruled in the government's favor in the Rule 404(b) order. Doc. 851 at 1. That is wrong. The Court ruled *against* the government, holding that the document could not be used as Rule 404(b) evidence in light of the Court's preliminary *James* ruling. Doc. 692 at 4. The Court did not consider admissibility or the substance of the document in that ruling.

1

hearing argument about the document's lack of relevance and undue prejudice. The Court specifically noted that it wanted to assess whether there was something more to GX 9057 since, on its face, the document relates to past activity. It also called to the parties' attention the issue of its Rule 404(b) order, which flowed from the preliminary *James* ruling. Trial Tr. 130:3-12, 158:24-159:4 (Nov. 18, 2021).[2] Mr. Penn's and Mr. Lovette's motion to exclude properly addresses each of these issues. The government does not cite any rule or standard in support of its motion, and the Federal Rules of Criminal Procedure discuss a remedy to strike only in the context of striking prejudicial surplusage in an indictment. Fed. R. Crim. P. 7(d). Even in civil cases, courts rule that parties may not use a motion to strike to attack motions and briefs. *See, e.g.*, *United States v. Cromar*, 2018 WL 9371364, at *1 (D. Utah May 29, 2018) (collecting cases). And the fact that the motion touches on topics that were also discussed orally is no basis to strike since supplemental briefing is by its nature meant to amplify issues discussed in court. Indeed, the government's brief does the same thing. The Court should deny the government's motion.

Dated: November 21, 2021

Respectfully submitted,

s/ John A. Fagg, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

s/ Michael F. Tubach
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

---

[2] All transcript citations are to unofficial draft transcripts because Mr. Penn and Mr. Lovette do not yet have an official, certified transcript. Given the draft status, Mr. Penn and Mr. Lovette defer to the Court's recollection if it differs from the draft transcript in any way.

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach