IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

      Defendants.

## DEFENDANTS' BRIEF REGARDING A RESPONSE TO THE JURY'S NOTES OF DECEMBER 13

Defendants respectfully request that the Court respond to the jury's questions of December 13, 2021—replicated in bold below—as indicated below:

**1. Can the jury have a transcript of Robert Bryant's testimony?**

PROPOSED RESPONSE: No. I instructed you at the beginning of the case that a typewritten copy of the testimony would not be available for your use during deliberations.

ARGUMENT: The Court should not provide a transcript of Robert Bryant's testimony to the jury for all of the reasons Defendants articulated on the record during today's hearing. The

Court should refuse the request for the additional reason that granting it would contravene the Court's unequivocal instruction to the jury that "a typewritten copy of the testimony will not be available for your use during deliberations." Trial Tr. at 132:1-2 (Oct. 26, 2021).[1] The Court drew that preliminary instruction verbatim from the Tenth Circuit's Pattern Criminal Jury Instructions, without objection from the government. Tenth Circuit Criminal Pattern Jury Instruction § 1.01 (2021 ed.). The Court's approach was sound when it gave that preliminary instruction, and nothing in the record suggests that the Court should take a different approach simply because the jury has asked whether such a transcript could be provided to them.

**2. We're trying to work our way past differences, but not making much headway. Can we get some guidance?**

PROPOSED RESPONSE: The jury instructions I read to you at the conclusion of the case (a copy of which has also been provided to you during your deliberations) contain guidance regarding your deliberations.

ARGUMENT: Defendants respectfully submit that it is too early in the jury's deliberations for the Court to give a modified *Allen* charge. Defendants request that the Court simply refer the jury to the text of the instructions the Court has already given with the instruction that the guidance the jury seeks can be found in the jury instructions.

Defendants believe no further specificity is necessary, in part because any number of instructions may be pertinent to assist the jury in resolving disagreements. However, should the Court determine that emphasis on specific instructions is appropriate, Instructions 40 and 3

---

[1] Given this reference is to an official draft transcript, Defendants defer to the Court's recollection if it differs from the draft transcript in any way.

constitute the core of an appropriate charge at this early stage by properly reflecting the caution, oft repeated by the Tenth Circuit, to avoid jury coercion. Giving a reminder to all the jurors of their obligation to give each Defendant the presumption of innocence as they make efforts to resolve any differences is critical to protecting the Defendants' due process rights. *See, e.g., United States v. McElhiney,* 275 F.3d 928, 938 & n.7 (10th Cir. 2001) ("This court has also said that, when a district court provides an *Allen* instruction, it should safeguard against coercion by 'again calling the jury's attention to the presumption of innocence, the burden of proof, and the requirement that guilt must be established beyond a reasonable doubt.'") (citing *Berger v. United States*, 62 F.2d 438, 440 (10th Cir. 1932)); *Burrup v. United States*, 371 F.2d 556, 558 (10th Cir. 1967) (reiterating the same) and *United States v. Flannery*, 451 F.2d 880, 883 (1st Cir. 1971) ("The court should be careful to include all those elements of the original charge designed to ameliorate its coercive effect . . . .").

Any analysis of the appropriate response to the jury's request for guidance must begin with the Tenth Circuit's admonition: "This circuit has repeatedly urged caution in the use of *Allen* charges. *See, e.g., United States v. Arney*, 248 F. 3d 984, 987 (10th Cir. 2001) (citing *United States v. Rodriguez-Mejia*, 20 F.3d 1090, 1091 (10th Cir. 1994); *United States v. Butler*, 904 F.2d 1482, 1488 (10th Cir. 1990)). The appropriateness of a modified *Allen* charge is a function "in its context and under all the circumstances." *United States v. Rivera*, 554 Fed. App'x 735, 741 (10th Cir. 2014) (quoting *Gilbert v. Mullen*, 302 F.3d 1166, 1173 (10th Cir. 2002) (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988))).

The Court has already followed the Tenth Circuit's preferred practice—to give the core elements of the instruction (Instructions 40 and 3) prior to jury deliberations in order to minimize

3

risk of coercion and consequent violation of Defendants' due process rights. *See, e.g., United States v. Reed*, 61 F.3d 803, 805 (10th Cir. 1995); *Butler*, 904 F.2d at 1487-88; *United States v. Porter*, 881 F.2d 878, 889 (10th Cir. 1989); *United States v. McKinney*, 822 F.2d 946, 950-51 (10th Cir. 1987). Thus, the jury has the essential elements of a modified *Allen* charge available, obviating the need for further instruction at this point.

There is nothing in the text of the jury's note indicating that it is at or near an impasse. The note states the opposite of deadlock. It says the jury, rather than having given up on the possibility of working through their differences, "[is] trying to work our way past differences." The note indicates the jurors are making some headway, if not as quickly as they might desire. One day into deliberations in a case with this volume of evidence, the jury's note should not be read as a warning the jury is at or near impasse and further instruction is appropriate. *Cf., Webster v. Dauggenbaugh*, No. 19-cv-03475, 2021 WL 2024909, at *12-13 (D. Colo. Jan. 19, 2021) (trial court did not err in refusing to give modified *Allen* charge where jury had not yet indicated they were at an impasse, "there was no jury deadlock, fundamental misunderstanding of the law, or any indication of impropriety," and the jury "inquiries were nothing more than requests for clarification"). While a modified *Allen* charge may appropriately be given early in the deliberations of an "uncomplicated" case, this is not the case here. *Cf. Rivera*, 554 Fed. App'x 742 (describing the case as "uncomplicated" and citing cases). The fairest reading of the jury's note leaves the Court ample time to reexamine the issue should the jury indicate later that it cannot reach a verdict.

## CONCLUSION

Defendants respectfully request that the Court (1) inform the jury that transcripts of testimony will not be available for them in their deliberations, and (2) not give a stand-alone *Allen*

4

charge at this time, but simply refer to jury to the entirety of the Court's jury instructions that have already been given to provide the jury with the appropriate guidance. In the alternative, Defendants request that the Court expressly refer the jury to Instructions 3 and 40.

This 13th day of December 2021.                    Respectfully Submitted,

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
jimmcloughlin@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

5

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797

jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700

cgillen@gwllawfirm.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514

bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  December 13, 2021

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.