IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

### MOTION TO EXCLUDE FRANCHISEE WITNESSES BRUCE BAGSHAW AND MARCUS SHELTON

---

The government respectfully requests that this Court exclude testimony from KFC franchisee witnesses Bruce Bagshaw and Marcus Shelton, whose anticipated testimony is not relevant to any element of the crime charged, Fed. R. Evid. 401, and would also be unfairly prejudicial. Fed. R. Evid. 403. Based on public source research,

the government understands both witnesses to be KFC franchise owners or former owners.[1]

*Not Relevant Under Rule 401*. Under Rule 401, "evidence is relevant 'if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (*citing* Fed. R. Evid. 401). In order to be relevant, the fact at issue must be material, which the Tenth Circuit has defined as a fact for which the existence "would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *Id.* (internal citations omitted).

Broiler chicken suppliers do not negotiate directly or indirectly with KFC franchisees; they negotiate with representatives of purchasing cooperative Restaurant Supply Chain Solutions. Aside from James Olson, who testified at the first trial, and *de minimis* evidence of attendance at the same industry-wide conferences, the government is not aware of any evidence showing that franchisees and suppliers interacted on a regular basis for business purposes.[2] Despite the distant nature of the business relationship between franchisees and suppliers, the government expects that

---

[1] The Times Gazette E-Edition (Aug. 12, 2019), *A Big Dreamer with a Creative Way: Local Business Icon Bob Bagshaw Dies at Age 80*, available at https://www.timesgazette.com/news/40430/a-big-dreamer-with-a-creative-way (Bruce Bagshaw); Unbridled Capital (Nov. 24, 2021), *Unbridled Provides Sell-Side Advisory to 13 KFCs in VA & NC*, available at https://unbridledcapital.com/clients/unbridled-provides-sell-side-advisory-to-13-kfcs-in-va-nc/ (Marcus Shelton).

[2] James Olson's testimony is relevant to the case because he negotiated directly with suppliers, whereas most franchisees generally do not.

Defendants intend to call franchisee witnesses Bruce Bagshaw and Marcus Shelton to ask them whether KFC franchisees wanted, and in fact received, reasonable pricing within a reasonably tight band from suppliers.[3]

This fact is not relevant to the existence of a per se-illegal price-fixing conspiracy, because a Section 1 violation of the Sherman Act is a *per se* offense and therefore the fact that the prices are reasonable is not a defense. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 213 (1940) (holding that the reasonableness of prices resulting from a price fixing agreement is irrelevant); *United States v. Kemp & Assocs.*, 907 F.3d 1264, 1272 (10th Cir. 2018) ("'Under a per se rule, [the government] prevail[s] simply by proving that a particular contract or business relationship…exists; no further market analysis is necessary, and defendants may not present any defenses.'" (*citing In re: Cox Enters., Inc.*, 871 F.3d 1093, 1097 (10th Cir. 2017))). Therefore, any franchisee testimony does not tend to make the existence of a price-fixing conspiracy more or less likely, and it should be excluded as irrelevant. Fed. R. Evid. 401. Moreover, permitting such testimony is inconsistent with the defendants' motion in limine to prohibit evidence of downstream consumer effects. ECF No. 528.[4]

*Franchisee Witness Testimony Should be Excluded under Rule 403*. Even if the franchisee witness testimony at issue is relevant under Rule 401, it nonetheless should

---

[3] The defendants have confirmed that they do not plan to use any exhibits with either witness and the defendants have not revealed the substance of the testimony.
[4] The Court denied the motion, but that part of the denial was based on the government's representation that it would not seek to introduce that type of evidence. ECF No. 603 at 7-8.

be excluded as unfairly prejudicial because it is likely to confuse the issues or mislead the jury. Fed. R. Evid. 403. Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Seymour*, 598 Fed. App'x 867, 880 (10th Cir. 2015). The Tenth Circuit has counseled that "[t]he danger of 'confusion of the issues' and 'misleading the jury' arises when circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *McVeigh*, 153 F.3d at 1191 (*citing United States v. Guardia*, 135 F.3d 1326, 1331-32 (10th Cir. 1998)).

      Any witness testimony that franchisees wanted negotiations between suppliers and purchasing cooperatives that worked on behalf of the franchisees to end in reasonable prices within a reasonably tight band of pricing would confuse the issues under Rule 403. Franchisee customer desires are simply not at issue in this case. Further, the concept of price uniformity is already in evidence and therefore any franchisee testimony would be unnecessarily cumulative. R.T. Tr. Michael Ledford (Feb. 28, 2022) at 226:15-227:19 (explaining that to minimize complaints from franchisees, a secondary goal of RSCS's during negotiations was price uniformity.). Mr. Ledford also testified that though price uniformity was desirable, he never asked suppliers to coordinate to support that goal, therefore making any franchisee evidence related to price uniformity even more irrelevant and likely to confuse the issues. *Id.* at 227:20-228-7; Fed. R. Evid. 401; 403.

<u>Conclusion.</u> Based on the foregoing reasons, the government respectfully requests that this Court exclude testimony from franchisee witnesses Bruce Bagshaw and Marcus Shelton as not relevant and unfairly prejudicial. Fed. R. Evid. 401; 403.

Dated: March 14, 2022   Respectfully submitted,

/s/ Michael T. Koenig
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*